IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

*************************************
**Susan Falletta and Joseph Falletta**     *
                                       *
**Plaintiffs,**                                  *
                                       *       CASE NO: *not yet assigned*
                    **v.**                   *
                                       *
**Dr. Thomas Connelly, DDS and**     *       **COMPLAINT**
**Dr. Brian Hoertdoerfer, DDS**        *
                                       *       **JURY TRIAL DEMANDED**
**Defendants.**                              *
*************************************

## PARTIES

1. The plaintiff, Susan Falletta, is an individual residing in North Troy, Vermont.

2. The plaintiff, Joseph Falletta, is an individual residing in North Troy, Vermont.

3. Joseph and Susan Falletta are married and were married at the time of all relevant events outlined below.

4. The defendant, Dr. Thomas Connelly, DDS, is an individual with a known residential address of 4 Crispwater Way, Hopkinton, Massachusetts, 01748-2794.

5. The defendant, Dr. Brian Hoertdoerfer, DDS is an individual who is a citizen of and has a dental practice in New Hampshire, which his located at 4 Elliot Way, #306 Manchester, New Hampshire, 03103.

## JURISDICTION AND VENUE

6. This Court has jurisdiction over this action per 28 U.S.C. § 1332 because there is a complete diversity of citizenship between the parties and the amount in controversy exceeds $75,000 exclusive of interest and costs.

7. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(2). The plaintiffs are residents of Vermont and the alleged dental malpractice of the defendants occurred in New Hampshire and all of the defendants at the time of the subject dental malpractice were resided and/or transacted business in New Hampshire.

8. The plaintiffs hereby demand a trial by jury on all issues in this matter.

## FACTS

9. On April 26, 2011, Susan Falletta was a patient at the dental offices of Dr. Brian Hoertdoerfer, DDS and had an initial consultation with Dr. Hoertdoerfer's colleague and agent, Dr. Thomas Connolly, DDS. During Dr. Connolly's examination of Susan Falletta, he recommended extensive dental restoration work and proposed veneers and porcelain laminates for Susan Falletta's teeth, #4-#9 and #21-28 and porcelain/ceramic crowns for teeth #3, #10-#20 and #29-#30. Dr. Connelly's estimated cost for his services was approximately $40,000, which the Fallettas paid to Dr. Hoertdoerfer.

10. On May 13, 2011, Dr. Connelly performed dental restoration work on Susan Falletta.

11. On June 9, 2011, Dr. Connelly performed additional restorative dental work.

12. On August 18, 2011, Susan Falletta returned to Dr. Connelly to report problems with teeth #7 and #9.

13. On September 5, 2011, Dr. Connelly repaired tooth #7.

14. In the spring of 2012, Susan Falletta's tooth #7 fell out and she had to seek emergency dental services with Dr. Victor Ratkus, DDS for a root canal.

15. On June 16, 2012, Susan Falletta returned to Dr. Connelly for additional services to include a bite adjustment.

16. In July of 2012, Susan Falletta, then age 34, began to experience a cascade of medical issues that resulted in the deterioration of her health including but not limited to tachycardia, palpitations, sweating, episodic flushing, excessive fatigue, vomiting, adrenaline rushes, compromised nail growth, persistent fevers, headaches, dizziness and neuropathy of her extremities, as well as severe and debilitating headaches and jaw and chest pain.

17. Ms. Falletta's doctors remained perplexed as to the etiology of her deteriorating health until April, 2013 when Dr. Megan Batchelder questioned whether Ms. Falletta's complex and debilitating symptoms were due to either an insidious dental abscess and/or endocarditis.

18. In June 2013, the crown of tooth #19 fell off. Ms. Falletta sought treatment from a local family dentist, Eric Richter, DMD. Dr. Richter found that the adhesive and restorative material used by Dr. Connelly was improper. Dr. Richter opined that Dr. Connelly's use of improper restorative compounds caused Ms. Falletta's gums to be irritated.

19. In January of 2014, Susan Falletta consulted with Dr. Lauren Shanard, DDS due to her continuous and unresolved difficulties with Dr. Connelly's dental work. Dr. Shanard opined that Dr. Connelly's work was not only esthetically displeasing but fell far below the standard of reasonable dental care. She noted that Dr. Connelly's work resulted in Susan Falletta's deteriorating periodontal health and that unsealed crowns and bone tissue areas were compromised due to poor crown placement. Dr. Shanard also diagnosed a displaced temporomandibular disc that contributed to Ms. Falletta's ongoing

pain. She also noted that her gums exhibited deep pockets, heavy bleeding and teeth movement. Dr. Shanard agreed with Dr. Richter's previous assessment that the restorative compounds used by Dr. Connelly were inappropriate and that the size and shape of the restorations were disproportionate, ill-fitting and unsuitable. Accordingly, Dr. Shanard has recommended the complete removal of all of Dr. Connelly's dental work.

20. In January of 2014, Susan Falletta presented to periodontist Dr. Paul Levi, DMD. Dr. Levi attributed Ms. Falletta's ongoing inflammation and deteriorating periodontal health to Dr. Connelly's restorative work.

21. On July 25, 2014, Susan Falletta sought treatment with oral surgeon Paul Danielson, DMD. Dr. Danielson noted that Susan Falletta was in constant pain and had significant trouble eating because of markedly tender, clicking and popping bilateral temporomandibular joints. Dr. Danielson ordered a temporary splint for Ms. Falletta's bite but determined that future temporomandibular joint surgery was necessary, as well as a complete removal and reconstruction of Dr. Connelly's defective restoration work.

22. Prior to Dr. Megan Batchelder's discovery that the defendants' defective dental work was the cause of Susan Falletta's deteriorating health, Ms. Falletta was subjected to a myriad of tests, including numerous blood work, nuclear scans, heart monitors, echocardiograms, and CAT scans of her neck, chest, abdomen, pelvis and brain. She was referred to several specialists including, but not limited to, cardiologists, rheumatologists, endocrinologists, gynecologists, dermatologists, and infectious disease specialists. As Susan Falletta was referred from specialist to specialist in an attempt to identify the cause of her deteriorating health, she and her husband, Joe, lived in constant fear as doctors hypothesized that Susan Falletta may be suffering from cancer, connective

tissue disease, acquired immune deficiency syndrome, brain tumors, bacterial endocarditis, or carcinoid tumors.

23. Susan Falletta's periodontal and overall physical health continues to deteriorate. As a result of the defendants' defective dental work, Ms. Falletta continues to endure great pain and suffering. She experiences ongoing and debilitating jaw pain that results in painful headaches, blurred and altered vision, ear pain, dizziness, chronic pain, nausea and vomiting. All of the foregoing symptoms have caused Susan Falletta to lose a dangerous amount of weight due to her inability to eat without jaw pain and her constant vomiting.

24. Mr. and Mrs. Falletta's marital relationship has also suffered. The Fallettas' plans to start a family have been derailed since Susan Falletta continues to endure prescriptive medicines in an effort to combat chronic bacterial infections and ongoing gingivitis resulting from defendants' dental malpractice.

25. Joseph Falletta has also suffered the loss of society, comfort, companionship, and sexual relations with his wife as a result of the defendants' conduct.

**COUNT I – NEGLIGENCE AND MEDICAL DENTAL MALPRACTICE AS TO DR.THOMAS CONNELLY, DDS AND DR. BRIAN HOERTDOERFER, DDS – SUSAN FALLETTA**

26. Paragraphs 1 through 25 as set forth above are hereby restated and incorporated herein as if fully set forth in this paragraph.

27. Dr. Thomas Connelly, DDS and Dr. Brian Hoertdoerfer, DDS had a duty to provide dental restoration services in a safe and reasonable manner in conformity with all statutory and common law duties of the State of New Hampshire, as well as the standards of reasonable and competent dental practice in their field of expertise. Said duties included, but were not limited to, proper pre-restoration examination and

assessment, an assessment of periodontal health, the performance of aesthetically pleasing dental work and restorative work that did not cause or contribute to cause deteriorating health to their patients.

28. Nevertheless, and in total disregard for the standards of reasonable dental care, Dr. Thomas Connelly, DDS and Dr. Brian Hoertdoerfer, DDS breached these duties and committed dental malpractice when they failed to perform a proper pre-restoration assessment, failed to properly perform an assessment of periodontal health, failed to perform aesthetically pleasing dental work and failed to perform restorative dental work which caused deteriorating health to Susan Falletta.

29. As a direct and proximate cause of the negligent acts and medical dental malpractice of Dr. Thomas Connelly, DDS and Dr. Brian Hoertdoerfer, DDS, Susan Falletta has suffered and continues to suffer physical pain, emotional distress, past, present and future medical expenses, future reconstructive and/or restoration work, future temple mandibular joint surgery and permanent injury.

30. Wherefore, Susan Falletta demands judgment against Dr. Thomas Connelly, DDS and Dr. Brian Hoertdoerfer, DDS in an amount sufficient to compensate her for injuries and losses together with interest and costs within the jurisdictional limits of this Court.

**COUNT II – NEGLIGENCE AND MEDICAL DENTAL MALPRACTICE AS TO DR. THOMAS CONNELLY, DDS AND DR. BRIAN HOERTDOERFER, DDS – LOSS OF CONSORTIUM – JOSEPH FALLETTA**

31. The foregoing paragraphs 1 through 30 set forth above are hereby restated and incorporated herein as if fully set forth in this paragraph.

32. Joseph Falletta is the husband of Susan Falletta. As a direct result of the aforementioned negligence and dental malpractice of Dr. Thomas Connelly, DDS and Dr.

Brian Hoertdoerfer, DDS, Joseph Falletta suffered the loss of society, comfort, companionship, services, and sexual relations of his wife, all of which were causally related to and reasonably foreseeable as a result of the negligent dental restoration work and dental malpractice of Dr. Thomas Connelly, DDS and Dr. Brian Hoertdoerfer, DDS.

33. Joseph Falletta continues to experience ongoing pain, anguish and mental suffering as a result of Susan Falletta's ongoing and deteriorating health.

34. Wherefore, Joseph Falletta demands judgment against Dr. Thomas Connelly, DDS and Dr. Brian Hoertdoerfer, DDS in an amount sufficient to compensate him for his statutory claim for loss of consortium together with interest and costs within the jurisdictional limits of this Court.

## COUNT III – VIOLATION OF NEW HAMPSHIRE'S CONSUMER PROTECTION ACT RSA 358-A – SUSAN AND JOSEPH FALLETTA

35. The foregoing paragraphs 1 through 34 set forth above are hereby restated and incorporated herein as if fully set forth in this paragraph.

36. Dr. Thomas Connelly, DDS and Dr. Brian Hoertdoerfer, DDS had a duty pursuant to New Hampshire's Consumer Protection Act to conduct business within the State of New Hampshire in accordance with statutory and common laws of the State of New Hampshire. Said duties included, but were not limited to, accurate communication and publication of dental services, accurate communication and publication of education, training and experience, accurate communication and publication of affiliations with dental licensing and peer organizations, accurate communication and publication of professional certifications, and accurate communication and publication of competency and expertise within the field of dental restoration services.

37. Nevertheless, and in complete disregard for the foregoing statutory duties, Dr. Thomas Connelly DDS and Dr. Brian Hoertdoerfer DDS participated in unfair and deceptive trade practices involving dental commerce within the State of New Hampshire. Said unfair and deceptive practices included, but were not limited to, false communication of being a "dentist to the stars" like Angelina Jolie; false and deceptive advertising regarding their education, training, experience; false and deceptive advertising regarding their professional affiliations; and false representation that their services were of a particular standard or quality with an intent not to provide said services in the advertised manner.

38. As a direct and proximate cause of Dr. Thomas Connelly's DDS and Dr. Brian Hoertdoerfer's DDS above-referenced violations of New Hampshire's Consumer Protection Act, Susan and Joseph Falletta are entitled to relief pursuant to RSA 358-A:10 including, but not limited to, an award of as much as three times but not less than two times actual damages, in addition to costs and attorney's fees.

## COUNT IV – NEGLIGENT MISREPRESENTATION SUSAN AND JOSEPH FALLETTA

39. The foregoing paragraphs 1 through 38 set forth above are hereby restated and incorporated herein as if fully set forth in this paragraph.

40. When advertising and conducting business in New Hampshire and holding themselves out as qualified practitioners in the field of dentistry and cosmetic dentistry, Dr. Thomas Connelly, DDS and Dr. Brian Hoertdoerfer, DDS each had the duty to volunteer information to others not having equal knowledge, with the intention that they will act upon it, to exercise reasonable care to verify the truth of any statements before making them. In particular, Dr. Thomas Connelly, DDS and Dr. Brian Hoertdoerfer each

had the duty to volunteer information about their respective qualifications, clientele, experience, education, certifications, training, affiliations with dental licensing and peer organizations, and competency and expertise within the field of dental restoration services.

41. Dr. Thomas Connelly, DDS and Dr. Brian Hoertdoerfer knew or should have known that Joseph and Susan Falletta did not have equal knowledge of their qualifications, clientele, experience, education, certifications, training, affiliations with dental licensing and peer organizations, and competency and expertise within the field of dental restoration services, and with intention that Joseph and Susan Falletta would act upon their representations by paying for services and allowing services to be performed, Dr. Thomas Connelly, DDS and Dr. Brian Hoertdoerfer each failed to exercise reasonable care to verify the truth of his own statements or those of the other about being a "dentist to the stars" like Angelina Jolie; education, certifications, training, experience; professional affiliations; and that their services are of a particular standard and quality.

42. Joseph and Susan Falletta justifiably and detrimentally relied on the aforementioned representations when selecting Dr. Thomas Connelly, DDS and Dr. Brian Hoertdoerfer, DDS to provide professional services to Susan Falletta and permitting the former to provide services and paying for those services when, in fact, he was not competent, qualified and/or certified as advertised, did not utilize the materials represented, and did not employ the necessary and promised skill in providing those services.

43. As a direct and proximate cause of Dr. Thomas Connelly's and Dr. Brian Hoertdoerfer's above-referenced misrepresentations, Susan and Joseph Falletta have suffered monetary damages; Susan Falletta has suffered and continues to suffer physical

pain, emotional distress, past, present and future medical expenses, future reconstructive and/or restoration work, future temple mandibular joint surgery and permanent injury; and Joseph Falletta has suffered and continues to suffer ongoing pain, anguish and mental suffering as a result of Susan Falletta's ongoing and deteriorating health.

44. Wherefore, Joseph and Susan Falletta demand judgment against Dr. Thomas Connelly, DDS and Dr. Brian Hoertdoerfer, DDS in an amount sufficient to compensate them for injuries and losses together with interest and costs within the jurisdictional limits of this Court.

## **COUNT V – INTENTIONAL MISREPRESENTATION / FRAUD - SUSAN AND JOSEPH FALLETTA**

45. The foregoing paragraphs 1 through 44 set forth above are hereby restated and incorporated herein as if fully set forth in this paragraph.

46. When advertising and conducting business in New Hampshire and holding themselves out as qualified practitioners in the field of dentistry and cosmetic dentistry, Dr. Thomas Connelly, DDS and Dr. Brian Hoertdoerfer, DDS were obligated to make only truthful representations about their respective qualifications, clientele, experience, education, certifications, training, affiliations with dental licensing and peer organizations, and competency and expertise within the field of dental restoration services.

47. Nevertheless, with knowledge of the falsity or with conscious indifference to the truth and with the intention to cause Joseph and Susan Falletta to rely upon these representations so as to secure profit from them, Dr. Thomas Connelly DDS and Dr. Brian Hoertdoerfer DDS engaged in false communications of being a "dentist to the stars" like Angelina Jolie; false and deceptive advertising regarding their education,

10

training, experience; false and deceptive advertising regarding their professional affiliations; and false representation that their services were of a particular standard and quality.

48. Joseph and Susan Falletta justifiably and detrimentally relied on the aforementioned representations when selecting Dr. Thomas Connelly, DDS and Dr. Brian Hoertdoerfer, DDS to provide professional services to Susan Falletta and permitting the former to provide services and paying for those services when, in fact, he was not competent, qualified and/or certified as advertised, did not utilize the materials represented, and did not employ the necessary and promised skill in providing those services.

49. As a direct and proximate cause of Dr. Thomas Connelly's and Dr. Brian Hoertdoerfer's above-referenced misrepresentations, Susan and Joseph Falletta have suffered monetary damages; Susan Falletta has suffered and continues to suffer physical pain, emotional distress, past, present and future medical expenses, future reconstructive and/or restoration work, future temple mandibular joint surgery and permanent injury; and Joseph Falletta has suffered and continues to suffer ongoing pain, anguish and mental suffering as a result of Susan Falletta's ongoing and deteriorating health.

50. Wherefore, Joseph and Susan Falletta demand judgment against Dr. Thomas Connelly, DDS and Dr. Brian Hoertdoerfer, DDS in an amount sufficient to compensate them for injuries and losses together with interest and costs within the jurisdictional limits of this Court.

**DEMAND FOR RELIEF**

WHEREFORE, the plaintiffs, Susan Falletta and Joseph Falletta, demand a judgment against Dr. Thomas Connelly, DDS and Dr. Brian Hoertdoerfer, DDS in an amount to compensate them for all of their damages plus interest and attorney's fees and costs of this action as well as such equitable and legal relief as this Court deems necessary and just.

**PLAINTIFFS DEMAND A TRIAL BY JURY ON ALL COUNTS SO TRIABLE.**

        Respectfully submitted,

        SUSAN AND JOSEPH FALLETTA

        By Their Counsel,

        GETMAN, SCHULTHESS, STEERE
        & POULIN, P.A.

Dated: January 26, 2016      By:  /s/ Elizabeth L. Hurley
        Christopher J. Poulin, Esquire (NH Bar # 2278)
        Elizabeth L. Hurley, Esquire (NH Bar # 16851)
        1838 Elm Street
        Manchester, NH 03104
        603-634-4300
        cpoulin@gssp-lawyers.com
        ehurley@gssp-lawyers.com