# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW HAMPSHIRE

```
*************************************
Susan Falletta and Joseph Falletta      *
                                        *
Plaintiffs,                             *
                                        *      CASE NO:  1:16-cv-00029
              v.                        *
                                        *
Dr. Thomas Connelly, DDS, individually  *      SECOND AMENDED
and d/b/a Hoertdoerfer Connelly         *      COMPLAINT
Dentistry; Dr. Bryan Hoertdoerfer, DDS, *
individually and d/b/a Hoertdoerfer     *
Connelly Dentistry; Hoertdoerfer        *
Connelly Dentistry;  Connelly Dentistry,*      JURY TRIAL
PC; Hoertdoerfer Equities, LLC; and     *      DEMANDED
Hoertdoerfer Dentistry, PLLC            *
                                        *
Defendants.                             *
                                        *
*************************************
```

## PARTIES

1.      The plaintiff, Susan Falletta, is an individual residing in North Troy, Vermont.

2.      The plaintiff, Joseph Falletta, is an individual residing in North Troy, Vermont.

3.      Joseph and Susan Falletta are married and were married at the time of all relevant events outlined below.

4.      The defendant, Dr. Thomas Connelly, DDS, is an individual with a known residential address of 4 Crispwater Way, Hopkinton, Massachusetts, 01748-2794, who, at all times relevant, was practicing dentistry at 4 Elliot Way, #306 Manchester, New Hampshire, 03103.

5.     The defendant, Dr. Bryan Hoertdoerfer, DDS is an individual who is a citizen of and has a dental practice in New Hampshire, which his located at 4 Elliot Way, #306 Manchester, New Hampshire, 03103.

6.     Hoertdoerfer Connelly Dentistry was, at all times relevant, an entity doing business at 4 Elliot Way, Manchester, New Hampshire, 03103.

7.      Hoertdoerfer Dentistry, PLLC is an entity registered in New Hampshire and is and was, at all times relevant, doing business at 4 Elliot Way, Manchester, New Hampshire, 03103.

8.     Connelly Dentistry, PC was, at all times relevant, doing business at 4 Elliot Way, Manchester, New Hampshire, 03103.

9.     Hoertdoerfer Equities, LLC was, at all times relevant, doing business at 4 Elliot Way, Manchester, New Hampshire, 03103.

## JURISDICTION AND VENUE

10.     This Court has jurisdiction over this action per 28 U.S.C. § 1332 because there is a complete diversity of citizenship between the parties and the amount in controversy exceeds $75,000 exclusive of interest and costs.

11.     Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(2).  The plaintiffs are residents of Vermont and the alleged dental malpractice, breach of contract, breach of warranty and misrepresentation engaged in by the defendants occurred in New Hampshire and all of the defendants at the time of the alleged conduct resided and/or transacted business in New Hampshire.

12.     The plaintiffs hereby demand a trial by jury on all issues in this matter.

## FACTS

13.     Beginning in April of 2011, Susan Falletta was a patient at the dental offices located at 4 Elliot Way, #306, Manchester, New Hampshire, 03103.

14.     At all times during which Mrs. Falletta was a patient of the dental office at 4 Elliot Way, #306, that office advertised itself as that of Hoertdoerfer Dentistry with Dr. Bryan Hoertdoerfer, DDS as the practicing dentist.

15.     Hoertdoerfer Equities, LLC is and was located at 4 Elliot Way, #306, Manchester, New Hampshire, 03103 and owned and/or had an interest in the property used by Dr. Bryan Hoertdoerfer, DDS and/or Dr. Thomas Connelly, DDS; and/or Hoertdoerfer Connelly Dentistry; and/or Hoertdoerfer Dentistry, PLLC; and/or Connelly Dentistry, PC at all times during which Mrs. Falletta was being treated there.

16.     In March, 2010, Dr. Bryan Hoertdoerfer, DDS and Dr. Thomas Connelly entered into an Employment Agreement by which the latter became the employee of Hoertdoerfer Dentistry, PLLC.

17.     Hoertdoerfer Dentistry, PLLC purchased the dental practice of Dr. Thomas Connelly, DDS.

18.     Neither Hoertdoerfer Dentistry, PLLC nor Dr. Bryan Hoertdoerfer, DDS investigated Dr. Connelly's history relative to patient care and his abilities to provide the dental care he sought to provide as an employee of Hoertdoerfer Dentistry, PLLC.

19.     At all times during which Mrs. Falletta was being treated there, Hoertdoerfer Connelly Dentistry; Hoertdoerfer Dentistry, PLLC; and Connelly Dentistry, PC each operated out of 4 Elliot Way, #306, Manchester, New Hampshire, 03103, and each advertised dental services to be provided at that location.

3

20.     At all times during which Mrs. Falletta was being treated there, Dr. Bryan Hoertdoerfer, DDS and Dr. Thomas Connelly, DDS practiced dentistry and treated patients at 4 Elliot Way, #306, Manchester, New Hampshire, 03103.

21.     There was no apparent meaningful distinction between Hoertdoerfer Connelly Dentistry; Hoertdoerfer Dentistry, PLLC; and Connelly Dentistry, PC to patients being treated at 4 Elliot Way, #306, Manchester, New Hampshire, 03103 such that patients, including Mrs. Falletta, could reasonably assume that services were being provided by any and all of them and that Dr. Bryan Hoertdoerfer, DDS and Dr. Thomas Connelly, DDS were working jointly on behalf of each and every entity.

22.     Beginning in 2010 and including the time period during which Mrs. Falletta was being treated at 4 Elliot Way, #306, Manchester, New Hampshire, 03103, Dr. Bryan Hoertdoerfer, DDS and Dr. Thomas Connelly, DDS each solicited patients for each other and/or referred patients to each other and engaged in conduct designed to procure patients for Hoertdoerfer Connelly Dentistry; and/or Hoertdoerfer Dentistry, PLLC; and/or Connelly Dentistry, PC with the objective of securing profit.

23.     Dr. Bryan Hoertdoerfer, DDS and Dr. Thomas Connelly, DDS worked together to increase the profit margin for Hoertdoerfer Dentistry, PLLC and their own personal financial gain.

24.     Beginning in 2010 and including the time period during which Mrs. Falletta was being treated at 4 Elliot Way, #306, Manchester, New Hampshire, 03103, Dr. Bryan Hoertdoerfer, DDS had agreed to and actually did provide patients to Dr. Thomas Connelly, DDS.

25.     Dr. Bryan Hoertdoerfer, DDS and Hoertdoerfer Dentistry, PLLC obtained profit from Dr. Thomas Connelly's dental services undertaken at 4 Elliot Way, #306, Manchester, New Hampshire, 03103.

26.     On April, 26, 2011, Mrs. Falletta had initial consultation with Dr. Thomas Connelly, DDS. Dr. Connolly recommended extensive dental restoration work and proposed veneers and porcelain laminates.  Dr. Connelly provided an estimate for these services in the amount of approximately $40,000, which the Fallettas paid to Hoertdoerfer Dentistry, PLLC.

27.     On May 13, 2011, Dr. Connelly performed dental restoration work on Susan Falletta at 4 Elliot Way, #306, Manchester, New Hampshire, 03103 as an employee of and using the equipment and staff of Hoertdoerfer Dentistry, PLLC.

28.     On June 9, 2011, Dr. Connelly performed additional restorative dental work as an employee of and using the equipment and staff of Hoertdoerfer Dentistry, PLLC.

29.     Mrs. Falletta was advised that the dental work was warranted by for ten years by the practice.

30.     On August 18, 2011, Mrs. Falletta returned to Dr. Connelly to report problems with teeth upon which dentistry work had been provided while Dr. Connelly was under the employ of Hoertdoerfer Dentistry, PLLC.  Thereafter, he provided additional services.

31.     In the spring of 2012, one of the teeth fell out and Mrs. Falletta had to seek emergency dental services for a root canal.

32.     Mrs. Falletta returned to Dr. Connelly at Hoertdoerfer Dentistry, PLLC in July for additional services to include a bite adjustment.

33.     On at least one occasion during Mrs. Falletta's treatment, Dr. Hoertdoerfer examined her and provided commentary about the care being provided.  However, Dr. Hoertdoerfer never recognized the deficiencies of the dental care Dr. Connelly was providing.

34.      Despite actual or constructive knowledge that patients, including Mrs. Falletta, were relying on the reputation and assurances of Hoertdoerfer Dentistry, PLLC brand and Dr. Bryan Hoertdoerfer, DDS, himself, neither Hoertdoerfer Dentistry, PLLC nor Dr. Bryan Hoertdoerfer, DDS took any steps to ensure that patients were being provided with proper dental care by Dr. Connelly.

35.     Neither Hoertdoerfer Dentistry, PLLC nor Dr. Bryan Hoertdoerfer, DDS properly supervised Dr. Connelly in the materials he selected or the care provided to patients such as and including Mrs. Falletta.

36.     In July of 2012, Susan Falletta, then age 34, began to experience a cascade of medical issues that resulted in the deterioration of her health including but not limited to tachycardia, palpitations, sweating, episodic flushing, excessive fatigue, vomiting, adrenaline rushes, compromised nail growth, persistent fevers, headaches, dizziness and neuropathy of her extremities, as well as severe and debilitating headaches and jaw and chest pain.

37.     Mrs. Falletta's doctors remained perplexed as to the etiology of her deteriorating health until April, 2013 when Dr. Megan Batchelder questioned whether Mrs. Falletta's complex and debilitating symptoms were due to either an insidious dental abscess and/or endocarditis.

38.     In June 2013, one of the crowns that Dr. Connelly had placed fell out. Mrs. Falletta sought treatment from a local family dentist, who found that the adhesive

6

and restorative material used by Dr. Connelly was improper.  Dr. Richter opined that Dr. Connelly's use of improper restorative compounds caused Ms. Falletta's gums to be irritated. The adhesive and restorative material had been secured by Hoertdoerfer Dentistry, PLLC.

39.    In January of 2014, Susan Falletta consulted with Dr. Lauren Shanard, DDS due to her continuous and unresolved difficulties with the dental work.  Dr. Shanard opined that the work was not only esthetically displeasing, it had resulted in Mrs. Falletta's deteriorating periodontal health and that unsealed crowns and bone tissue areas were compromised due to poor crown placement.   Dr. Shanard also diagnosed a displaced temporomandibular disc that contributed to Mrs. Falletta's ongoing pain. She also noted that her gums exhibited deep pockets, heavy bleeding and teeth movement. Dr. Shanard agreed with Dr. Richter's previous assessment that the restorative compounds that had been used were inappropriate and that the size and shape of the restorations were disproportionate, ill-fitting and unsuitable.  Accordingly, Dr. Shanard has recommended the complete removal of all of the dental work accomplished at Hoertdoerfer Dentistry, PLLC.

40.    In January of 2014, Susan Falletta presented to periodontist Dr. Paul Levi, DMD. Dr. Levi attributed Ms. Falletta's ongoing inflammation and deteriorating periodontal health to the restorative work.

41.    On July 25, 2014, Susan Falletta sought treatment with oral surgeon Paul Danielson, DMD.  Dr. Danielson noted that Susan Falletta was in constant pain and had significant trouble eating because of markedly tender, clicking and popping bilateral temporomandibular joints. Dr. Danielson ordered a temporary splint for Ms. Falletta's bite but determined that future temporomandibular joint surgery was necessary, as well as

a complete removal and reconstruction of Hoertdoerfer Dentistry, PLLC's defective restoration work.

42.     Prior to Dr. Batchelder's discovery that the defendants' defective  dental work was the cause of Susan Falletta's deteriorating health, Ms. Falletta was subjected to a myriad of tests, including numerous blood work, nuclear scans, heart monitors, echocardiograms, and CAT scans of her neck, chest, abdomen, pelvis and brain.  She was referred to several specialists including, but not limited to, cardiologists, rheumatologists, endocrinologists, gynecologists, dermatologists, and infectious disease specialists.   As Susan Falletta was referred from specialist to specialist in an attempt to identify the cause of her deteriorating health, she and her husband, Joe, lived in constant fear as doctors hypothesized that Mrs. Falletta may be suffering from cancer, connective tissue disease, acquired immune deficiency syndrome, brain tumors, bacterial endocarditis, or carcinoid tumors.

43.     Mrs. Falletta's periodontal and overall physical health continues to deteriorate. As a result of the defendants' defective dental work, Ms. Falletta continues to endure great pain and suffering. She experiences ongoing and debilitating jaw pain that results in painful headaches, blurred and altered vision, ear pain, dizziness, chronic pain, nausea and vomiting.  All of the foregoing symptoms have caused her to lose a dangerous amount of weight due to her inability to eat without jaw pain and her constant vomiting.

44.     Mr. and Mrs. Falletta's marital relationship has also suffered.   The Fallettas' plans to start a family have been derailed since Susan Falletta continues to endure prescriptive medicines in an effort to combat chronic bacterial infections and ongoing gingivitis resulting from defendants' dental malpractice.

8

45.    Joseph Falletta has also suffered the loss of society, comfort, companionship, and sexual relations with his wife as a result of the defendants' conduct.

**COUNT I – NEGLIGENCE AND MEDICAL DENTAL MALPRACTICE AS TO DR. THOMAS CONNELLY, DDS, INDIVIDUALLY AND D/B/A HOERTDOERFER CONNELLY DENTISTRY; DR. BRYAN HOERTDOERFER, DDS, INDIVIDUALLY AND D/B/A HOERTDOERFER CONNELLY DENTISTRY; HOERTDOERFER CONNELLY DENTISTRY; CONNELLY DENTISTRY, PC; AND HOERTDOERFER DENTISTRY, PLLC– SUSAN FALLETTA**

46.    Paragraphs 1 through 45 as set forth above are hereby restated and incorporated herein as if fully set forth in this paragraph.

47.    Dr. Thomas Connelly, DDS and Dr. Bryan Hoertdoerfer, DDS each had a duty to provide dental restoration services in a safe and reasonable manner in conformity with all statutory and common law duties of the State of New Hampshire, as well as the standards of reasonable and competent dental practice in their field of expertise.  Said duties included, but were not limited to, proper pre-restoration examination and assessment, an assessment of periodontal health, the performance of aesthetically pleasing dental work and restorative work that did not cause or contribute to cause deteriorating health to their patients.

48.    Nevertheless, and in total disregard for the standards of reasonable dental care, Dr. Thomas Connelly, DDS and Dr. Bryan Hoertdoerfer, DDS breached these duties and committed dental malpractice when they failed to perform a proper pre-restoration assessment, failed to properly perform an assessment of periodontal health, failed to perform aesthetically pleasing dental work and failed to perform restorative dental work which caused deteriorating health to Susan Falletta.

49.     Hoertdoerfer Connelly Dentistry; Connelly Dentistry, PC; and Hoertdoerfer Dentistry, PLLC are also vicariously liable for the negligent acts of its employees, Dr. Thomas Connelly, DDS and Dr. Bryan Hoertdoerfer, DDS.

50.     As a direct and proximate cause of the negligent acts and medical dental malpractice the defendants, Susan Falletta has suffered and continues to suffer physical pain, emotional distress, past, present and future medical expenses, future reconstructive and/or restoration work, future temple mandibular joint surgery and  permanent injury.

51.     Wherefore, Susan Falletta demands judgment against Dr. Thomas Connelly, DDS: Hoertdoerfer Connelly Dentistry; Dr. Bryan Hoertdoerfer, DDS: Connelly Dentistry, PC; and Hoertdoerfer Dentistry, PLLC in an amount sufficient to compensate her for injuries and losses together with interest and costs within the jurisdictional limits of this Court.

### COUNT II – NEGLIGENCE AND MEDICAL DENTAL MALPRACTICE AS TO DR. THOMAS CONNELLY, DDS, INDIVIDUALLY AND D/B/A HOERTDOERFER CONNELLY DENTISTRY; DR. BRYAN HOERTDOERFER, DDS, INDIVIDUALLY AND D/B/A HOERTDOERFER CONNELLY DENTISTRY; HOERTDOERFER CONNELLY DENTISTRY; CONNELLY DENTISTRY, PC; AND HOERTDOERFER DENTISTRY, PLLC – JOSEPH FALLETTA

52.     The foregoing paragraphs 1 through 51 set forth above are hereby restated and incorporated herein as if fully set forth in this paragraph.

53.     Joseph Falletta is the husband of Susan Falletta.  As a direct result of the aforementioned negligence and dental malpractice of Dr. Thomas Connelly, DDS and Dr. Bryan Hoertdoerfer, DDS, Joseph Falletta suffered the loss of society, comfort, companionship, services, and sexual relations of his wife, all of which were causally related to and reasonably foreseeable as a result of the negligent dental restoration work and dental malpractice of Dr. Thomas Connelly, DDS and Dr. Bryan Hoertdoerfer, DDS.

54.     Joseph Falletta continues to experience ongoing pain, anguish and mental suffering as a result of Susan Falletta's ongoing and deteriorating health.

55.     Hoertdoerfer Connelly Dentistry; Connelly Dentistry, PC; and Hoertdoerfer Dentistry, PLLC are also vicariously liable for the negligent acts of its employees, Dr. Thomas Connelly, DDS and Dr. Bryan Hoertdoerfer, DDS and are, therefore, liable for the loss of consortium suffered by Mr. Falletta.

56.     Wherefore, Joseph Falletta demands judgment against Dr. Thomas Connelly, DDS: Hoertdoerfer Connelly Dentistry; Dr. Bryan Hoertdoerfer, DDS: Connelly Dentistry, PC; and Hoertdoerfer Dentistry, PLLC in an amount sufficient to compensate him for his statutory claim for loss of consortium together with interest and costs within the jurisdictional limits of this Court.

**COUNT III – VIOLATION OF NEW HAMPSHIRE'S CONSUMER PROTECTION ACT RSA 358-A – DR. THOMAS CONNELLY, DDS, INDIVIDUALLY AND D/B/A HOERTDOERFER CONNELLY DENTISTRY; DR. BRYAN HOERTDOERFER, DDS, INDIVIDUALLY AND D/B/A HOERTDOERFER CONNELLY DENTISTRY; HOERTDOERFER CONNELLY DENTISTRY; CONNELLY DENTISTRY, PC; HOERTDOERFER EQUITIES, LLC; AND HOERTDOERFER DENTISTRY, PLLC - SUSAN AND JOSEPH FALLETTA**

57.     The foregoing paragraphs 1 through 56 set forth above are hereby restated and incorporated herein as if fully set forth in this paragraph.

58.     Dr. Thomas Connelly, DDS: Hoertdoerfer Connelly Dentistry; Dr. Bryan Hoertdoerfer, DDS: Hoertdoerfer Equities, LLC; Connelly Dentistry, PC; and Hoertdoerfer Dentistry, PLLC each and collectively had a duty pursuant to New Hampshire's Consumer Protection Act to conduct business within the State of New Hampshire in accordance with statutory and common laws of the State of New Hampshire. Said duties included, but were not limited to, accurate communication and

11

publication of dental services, accurate communication and publication of education, training and experience, accurate communication and publication of affiliations with dental licensing and peer organizations, accurate communication and publication of professional certifications, and accurate communication and publication of competency and expertise within the field of dental restoration services.

59.     Nevertheless, and in complete disregard for the foregoing statutory duties, the defendants jointly and individually participated in unfair and deceptive trade practices involving dental commerce within the State of New Hampshire.   Said unfair and deceptive practices included, but were not limited to, false communication regarding Dr. Thomas Connelly being a "dentist to the stars" and to specific "stars"; false and deceptive advertising regarding his education, training, experience; false and deceptive advertising regarding his professional affiliations; and intentionally false or reckless misrepresentation that their services were of a particular standard or quality with an intent not to provide said services in the advertised manner or at least reckless nonchalance relative to those services.

60.     As a direct and proximate cause of the defendants' above-referenced violations of New Hampshire's Consumer Protection Act, Susan and Joseph Falletta are entitled to relief pursuant to RSA 358-A:10 including, but not limited to, an award of as much as three times but not less than two times actual damages, in addition to costs and attorney's fees.

**COUNT IV – NEGLIGENT MISREPRESENTATION - DR. THOMAS CONNELLY, DDS, INDIVIDUALLY AND D/B/A HOERTDOERFER CONNELLY DENTISTRY; DR. BRYAN HOERTDOERFER, DDS, INDIVIDUALLY AND D/B/A HOERTDOERFER CONNELLY DENTISTRY; HOERTDOERFER CONNELLY DENTISTRY; CONNELLY DENTISTRY, PC; HOERTDOERFER EQUITIES, LLC; AND HOERTDOERFER DENTISTRY, PLLC - SUSAN AND JOSEPH FALLETTA**

61.     The foregoing paragraphs 1 through 60 set forth above are hereby restated and incorporated herein as if fully set forth in this paragraph.

62.     When advertising and conducting business in New Hampshire and holding themselves out as qualified practitioners and service providers in the field of dentistry and cosmetic dentistry, Hoertdoerfer Connelly Dentistry; Hoertdoerfer Equities, LLC; Connelly Dentistry, PC; Hoertdoerfer Dentistry, PLLC,  Dr. Thomas Connelly, DDS and Dr. Bryan Hoertdoerfer, DDS were all obligated to exercise reasonable care to be truthful or verifying the truthfulness when making representations about their respective qualifications, clientele, experience, education, certifications, training, affiliations with dental licensing and peer organizations, and competency and expertise within the field of dental restoration services, as well as that of the entities for whom they were working and securing income.

63.     The defendants and those acting on their behalf knew or should have known that Joseph and Susan Falletta did not have equal knowledge about their practice's, their own and each other's qualifications, clientele, experience, education, certifications, training, affiliations with dental licensing and peer organizations, and competency and expertise within the field of dental restoration services, and with the individual and collective intention that Joseph and Susan Falletta would act upon their representations by paying for services and allowing services to be performed, and yet each failed to exercise reasonable care to verify the truth of statements about Dr. Connelly being a "dentist to the stars" and specific stars; his education, certifications, training, experience; professional affiliations; and that their own services and of the

entities for whom they were working and/or income were of a particular standard and quality.

64.     Joseph and Susan Falletta justifiably and detrimentally relied on the aforementioned representations when selecting the defendants to provide professional services to Susan Falletta and permitting them to provide services and paying for those services when, in fact, Dr. Connelly was not competent, qualified and/or certified as advertised, did not utilize the materials represented, and did not employ the necessary and promised skill in providing those services.

65.     As a direct and proximate cause of the above-referenced misrepresentations, Susan and Joseph Falletta have suffered monetary damages; Susan Falletta has suffered and continues to suffer physical pain, emotional distress, past, present and future medical expenses, future reconstructive and/or restoration work, future temple mandibular joint surgery and permanent injury; and Joseph Falletta has suffered and continues to suffer ongoing pain, anguish and mental suffering as a result of Susan Falletta's ongoing and deteriorating health.

66.     Wherefore, Joseph and Susan Falletta demand judgment against these defendants in an amount sufficient to compensate them for injuries and losses together with interest and costs within the jurisdictional limits of this Court.

**COUNT V – INTENTIONAL MISREPRESENTATION / FRAUD - DR. THOMAS CONNELLY, DDS, INDIVIDUALLY AND D/B/A HOERTDOERFER CONNELLY DENTISTRY; DR. BRYAN HOERTDOERFER, DDS, INDIVIDUALLY AND D/B/A HOERTDOERFER CONNELLY DENTISTRY; HOERTDOERFER CONNELLY DENTISTRY; CONNELLY DENTISTRY, PC; HOERTDOERFER EQUITIES, LLC; AND HOERTDOERFER DENTISTRY, PLLC - SUSAN AND JOSEPH FALLETTA**

67.     The foregoing paragraphs 1 through 66 set forth above are hereby restated and incorporated herein as if fully set forth in this paragraph.

68.     When advertising and conducting business in New Hampshire and holding themselves out as qualified practitioners in the field of dentistry and cosmetic dentistry, Hoertdoerfer Connelly Dentistry; Hoertdoerfer Equities, LLC; Connelly Dentistry, PC; Hoertdoerfer Dentistry, PLLC,  Dr. Thomas Connelly, DDS and Dr. Bryan Hoertdoerfer, DDS were all obligated to make only truthful representations about their respective qualifications, clientele, experience, education, certifications, training, affiliations with dental licensing and peer organizations, and competency and expertise within the field of dental restoration services, as well as that of the entities for whom they were working and securing income.

69.     Nevertheless, with knowledge of the falsity or with conscious indifference to the truth and with the intention to cause Joseph and Susan Falletta to rely upon these representations so as to secure profit from them,  the defendants and those acting on their behalf engaged in false communications about Dr. Connelly being a "dentist to the stars" and to specified stars; false and deceptive advertising regarding his education, training, experience; false and deceptive advertising regarding his professional affiliations; and false representation that the services sought to be provided by entities and by the individual dentists and were of a particular standard and quality.

70.     Joseph and Susan Falletta justifiably and detrimentally relied on the aforementioned representations when selecting the defendants to provide professional services to Susan Falletta and permitting the defendants to provide services and paying for those services when, in fact, Dr. Connelly was not competent, qualified and/or certified as advertised, did not utilize the materials represented, and did not employ the necessary and promised skill in providing those services.

15

71. As a direct and proximate cause of these above-referenced misrepresentations, Susan and Joseph Falletta have suffered monetary damages; Susan Falletta has suffered and continues to suffer physical pain, emotional distress, past, present and future medical expenses, future reconstructive and/or restoration work, future temple mandibular joint surgery and permanent injury; and Joseph Falletta has suffered and continues to suffer ongoing pain, anguish and mental suffering as a result of Susan Falletta's ongoing and deteriorating health.

72. Wherefore, Joseph and Susan Falletta demand judgment against the defendants in an amount sufficient to compensate them for injuries and losses together with interest and costs within the jurisdictional limits of this Court.

### COUNT VI – BREACH OF WARRANTY - DR. THOMAS CONNELLY, DDS, INDIVIDUALLY AND D/B/A HOERTDOERFER CONNELLY DENTISTRY; HOERTDOERFER CONNELLY DENTISTRY; CONNELLY DENTISTRY, PC; HOERTDOERFER EQUITIES, LLC; AND HOERTDOERFER DENTISTRY, PLLC- SUSAN FALLETTA

73. The foregoing paragraphs 1 through 72 set forth above are hereby restated and incorporated herein as if fully set forth in this paragraph.

74. Dr. Connelly, on behalf of himself and the entities for whom he was working and producing income and with their authority, warranted the quality of the materials and services being provided to Susan Falletta for ten years.  He expressly warranted that the dental restoration work would be aesthetically pleasing, cosmetically suitable and objectively appropriate for Susan Falletta, and that she would ultimately have  pain free and healthy teeth and mouth.

75. Each defendant implicitly warranted the quality of the services provided by nature of accepting Susan Falletta as a patient, providing the services and accepting payment for those services.

16

76.     In breach of this warranty, the services provided resulted in Susan Falletta suffering from deteriorating periodontal health, bone tissue being compromised due to poor crown placement, displaced temporomandibular disc, deep pockets, heavy bleeding and teeth movement. The restorative compounds that had been used were inappropriate and that the size and shape of the restorations were disproportionate, ill-fitting and unsuitable.

77.     Susan Falletta timely sought corrective services pursuant to the warranty but was that care was denied by all of the defendants, including Dr. Bryan Hoertdoerfer, resulting in Mrs. Falletta suffering physical pain, emotional distress, past, present and future medical expenses, future reconstructive and/or restoration work, future temple mandibular joint surgery and permanent injury; and Joseph Falletta has suffered and continues to suffer ongoing pain, anguish and mental suffering as a result of Susan Falletta's ongoing and deteriorating health.

78.     Wherefore, Joseph and Susan Falletta demand judgment against the defendants in an amount sufficient to compensate them for injuries and losses together with interest and costs within the jurisdictional limits of this Court.

**COUNT VII – BREACH OF CONTRACT - DR. THOMAS CONNELLY, DDS, INDIVIDUALLY AND D/B/A HOERTDOERFER CONNELLY DENTISTRY; DR. BRYAN HOERTDOERFER, DDS, INDIVIDUALLY AND D/B/A HOERTDOERFER CONNELLY DENTISTRY; HOERTDOERFER CONNELLY DENTISTRY; CONNELLY DENTISTRY, PC; AND HOERTDOERFER DENTISTRY, PLLC- SUSAN AND JOSEPH FALLETTA**

79.     The foregoing paragraphs 1 through 78 set forth above are hereby restated and incorporated herein as if fully set forth in this paragraph.

80.     Hoertdoerfer Connelly Dentistry; Connelly Dentistry, PC; Hoertdoerfer Dentistry, PLLC;   Dr. Thomas Connelly, DDS; and Dr. Bryan Hoertdoerfer, DDS

solicited and offered Susan and Joseph Falletta to provide Susan Falletta with dental restoration work that would be aesthetically pleasing, objectively appropriate, healthy and cosmetically suitable for her in exchange for approximately $40,000. Susan and Joseph accepted the offer and paid the requisite consideration to Hoertdoerfer Dentistry, PLLC.

81. The defendants accepted Susan Falletta as a patient, provided the services and accepted payment for those services.

82. The defendants breached their contract by providing services that resulted in Susan Falletta suffering from deteriorating periodontal health, bone tissue being compromised due to poor crown placement, displaced temporomandibular disc, deep pockets, heavy bleeding and teeth movement. The restorative compounds used were inappropriate and that the size and shape of the restorations were disproportionate, ill-fitting and unsuitable.

83. As a direct result of this breach, Susan Falletta has been suffering physical pain, emotional distress, past, present and future medical expenses, future reconstructive and/or restoration work, future temple mandibular joint surgery and permanent injury; and Joseph Falletta has suffered and continues to suffer ongoing pain, anguish and mental suffering as a result of Susan Falletta's ongoing and deteriorating health.

84. Wherefore, Joseph and Susan Falletta demand judgment against the defendants in an amount sufficient to compensate them for injuries and losses together with interest and costs within the jurisdictional limits of this Court.

**COUNT VIII – JOINT VENTURE - DR. THOMAS CONNELLY, DDS, INDIVIDUALLY AND D/B/A HOERTDOERFER CONNELLY DENTISTRY; DR. BRYAN HOERTDOERFER, DDS, INDIVIDUALLY AND D/B/A HOERTDOERFER CONNELLY DENTISTRY; HOERTDOERFER CONNELLY DENTISTRY; CONNELLY DENTISTRY, PC; HOERTDOERFER EQUITIES, LLC; AND HOERTDOERFER DENTISTRY, PLLC- SUSAN FALLETTA**

85.   The foregoing paragraphs 1 through 84 set forth above are hereby restated and incorporated herein as if fully set forth in this paragraph.

86.   Beginning in 2010 and including the time period during which Susan Falletta was being treated by the defendants, Dr. Bryan Hoertdoerfer, DDS and Dr. Thomas Connelly, DDS, Hoertdoerfer Connelly Dentistry; and/or Hoertdoerfer Dentistry, PLLC; and Connelly Dentistry, PC individually and collectively solicited patients for each other and/or referred patients to each other and engaged in conduct designed to procure patients for with the objective of securing profit with the ultimate objective of personal financial gain for Dr. Bryan Hoertdoerfer, DDS and Dr. Thomas Connelly, DDS.

87.   In addition, beginning in 2010 and including the time period during which Mrs. Falletta was receiving treatment, Dr. Bryan Hoertdoerfer, DDS and Hoertdoerfer Dentistry, PLLC had agreed to and actually did provide patients to Dr. Thomas Connelly, DDS.

88.   Dr. Bryan Hoertdoerfer, DDS and Hoertdoerfer Dentistry, PLLC obtained profit from payment received for services provided to Susan Falletta.

89.   The actions of the defendants amount to a Joint Venture such that each is equally liable for the acts of the others such that each is liable to Susan and Joseph Falletta for the damages they sustained as a result of this Joint Venture.

**COUNT IX – NEGLIGENT HIRING AND SUPERVISION - HOERTDOERFER CONNELLY DENTISTRY; CONNELLY DENTISTRY, PC; HOERTDOERFER EQUITIES, LLC; AND HOERTDOERFER DENTISTRY, PLLC- SUSAN FALLETTA**

90.   The foregoing paragraphs 1 through 89 set forth above are hereby restated and incorporated herein as if fully set forth in this paragraph.

91.    The defendant entities had a duty to act reasonably in selecting, employing and supervising dentists who were qualified and who had the requisite education, skill and experience to provide the care that they advertised and sought to provide.

92.    They further had the duty to supervise the care being provided to ensure that that care being provided by its employees met industry standards and did not cause harm to their patients.

93.    In complete disregard of these duties, the defendants failed to ascertain the actual education and experience of Dr. Thomas Connelly, failed to ensure that he had the requisite skill level and qualifications to provide care to their patients, and failed to verify that his self-reports were accurate and truthful.

94.    As a result of the defendants' negligence, Susan Falletta was harmed in that she was given sub-standard care that caused her both physical and emotional injuries.

95.    Wherefore, Susan Falletta demands judgment against the defendants in an amount sufficient to compensate them for injuries and losses together with interest and costs within the jurisdictional limits of this Court.

## **DEMAND FOR RELIEF**

WHEREFORE, the plaintiffs, Susan Falletta and Joseph Falletta, demand a judgment against Dr. Thomas Connelly, DDS, individually and d/b/a Hoertdoerfer Connelly Dentistry; Dr. Bryan Hoertdoerfer, DDS, individually and d/b/a Hoertdoerfer Connelly Dentistry; Hoertdoerfer Connelly Dentistry; Connelly Dentistry, PC; Hoertdoerfer Equities, LLC; and Hoertdoerfer Dentistry, PLLC in an amount to compensate them for all of their damages plus interest and attorney's fees and costs of this action as well as such equitable and legal relief as this Court deems necessary and just.

**PLAINTIFFS DEMAND A TRIAL BY JURY ON ALL COUNTS SO TRIABLE.**

Respectfully submitted,

SUSAN AND JOSEPH FALLETTA

By Their Counsel,

GETMAN, SCHULTHESS, STEERE
& POULIN, P.A.

Dated: August 8, 2016                    By:   /s/ Elizabeth L. Hurley
                                         Christopher J. Poulin, Esquire (NH Bar # 2278)
                                         Elizabeth L. Hurley, Esquire (NH Bar # 16851)
                                         1838 Elm Street
                                         Manchester, NH 03104
                                         603-634-4300
                                         cpoulin@gssp-lawyers.com
                                         ehurley@gssp-lawyers.com

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that a copy of the foregoing pleading has this date been served electronically by ECF  to Counsel for Dr. Bryan Hoertdoerfer, DDS, Attorney Kara Hockmeyer, and Counsel for Dr. Thomas Connelly, DDS, Attorney Mark Sullivan.

Dated:  August 8, 2016            By:      /s/ Elizabeth L. Hurley
                                         Elizabeth L. Hurley, Esquire (NH Bar # 16851)